NOT FOR PUBLICATION

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

DONTA SPRIGGS,                    :    CIV. NO. 20-5245(RMB)
                                  :
           Petitioner             :
                                  :
     v.                           :         **OPINION**
                                  :
WARDEN DAVID ORTIZ,               :
                                  :
           Respondent             :

BUMB, District Judge

     Petitioner Donta Spriggs, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from prison under the CARES Act. (Pet., Dkt. No. 1.) Respondent filed an answer to the Petition on May 7, 2020, opposing habeas relief. (Answer, Dkt. No. 4.) Petitioner then submitted a copy of his April 17, 2020 request to staff for compassionate release[1] or release to home confinement under the Cares Act, which was denied because he did not have a "minimum PATTERN score." (Ex., Dkt. No. 5.) For the reasons discussed below,

---

[1] If the BOP denies a prisoner's request for compassionate release under the First Step Act, the prisoner may seek compassionate release from the court that sentenced him, pursuant to 18 U.S.C. §3582(c)(1)(A).

1

the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

I. BACKGROUND

In his petition for writ of habeas corpus seeking release to home confinement under the CARES Act, Petitioner alleged that he fully qualified for immediate release to home confinement under the CARES Act. (Pet., Dkt. No. 1 at 5.) Before the CARES Act was passed on March 27, 2020, 18 U.S.C. § 3624(c)(2) provided the BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-36, § 12003(b)(2). Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement. Id.

On April 3, 2020, the Attorney General authorized the BOP to immediately maximize transfers to home confinement of all appropriate inmates held at BOP facilities where the BOP Director determines that COVID-19 is materially affecting operations. (Reiser Decl., ¶11, Dkt. No. 4-1.) The BOP is currently assessing a number of factors to ensure that an inmate is suitable for home confinement including, but not limited to, reviewing the inmate's

institutional discipline history for the last twelve months; ensuring that the inmate has a verifiable release plan; verifying that the inmate's primary offense is not violent, a sex offense, or terrorism related; and confirming the inmate does not have a current detainer. (Reiser Decl., ¶18, Dkt. No. 4-1.) BOP has generally prioritized for home confinement those inmates who have served half of their sentences, or who have 18 months or less remaining in their sentences and have served 25% or more of their sentences. (Id.) These priority factors are subject to deviation in BOP's discretion in certain circumstances and are subject to revision as the situation progresses. (Id., ¶19.)

II.  DISCUSSION

    A.  Standard of Law

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). 28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000). In the typical case, an inmate's failure to exhaust all stages of the administrative remedy

3

system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

B.  Analysis

Respondent asserts that the petition should be denied because Petitioner has not exhausted his administrative remedies. Petitioner has never filed an Administrative Remedy[2] requesting home confinement or compassionate release. (Declaration of Christina Clark[3] ¶4 and Ex. 2, Dkt. No. 4-2.) Second, Respondent submits that Petitioner does not meet the eligibility requirements for discretionary release to home confinement under 18 U.S.C. § 3582(c)(2), as modified by the CARES Act. (Answer, Dkt. No. 3 at 29-30.) Petitioner has a conviction for Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c), which the BOP considers a violent offense and precludes his transfer to home confinement under the CARES Act. (Reiser Decl., ¶19, Dkt. No. 4-1.)

Petitioner has not offered any justification for his failure to exhaust administrative remedies prior to filing the present petition. Furthermore, Petitioner has not alleged how the BOP failed to carry out its duties under the CARES Act.

---

[2] The Court notes that the exhibit submitted by Petitioner is an "Inmate Request to Staff." (Ex., Dkt. No. 5.) Under the BOP administrative grievance procedure, the first formal remedy request is made to the warden of the facility, after an inmate's informal request to staff is denied. See 28 C.F.R. § 542.14.

[3] Christina Clark is a Senior Attorney for the Bureau of Prisons at FCI Fort Dix. (Declaration of Christina Clark ¶1, Dkt. No. 4-2.)

5

III. CONCLUSION

    For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

An appropriate Order follows.

**Date: June 22, 2020**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**